UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
WARNER BROS. RECORDS INC., a Delaware     :   Civil Action No. 06-01238 (FLW)
corporation; CAPITOL RECORDS, a           :
Delaware corporation; SONY BMG MUSIC      :        OPINION
ENTERTAINMENT, a Delaware general         :
partnership; ARISTA RECORDS LLC, a Delaware :
limited liability company; BMG MUSIC, a New :
York general partnership; UMG RECORDINGS, :
INC., a Delaware corporation; and MOTOWN  :
RECORD COMPANY, L.P., a California limited :
partnership,                              :
                                          :
            Plaintiffs,                   :
                                          :
       v.                                 :
                                          :
KEVIN GULLFOYLE,                          :
                                          :
            Defendant.                    :
_____:

**WOLFSON, District Judge**

Presently before the Court is a motion by Plaintiffs, Warner Bros. Records, Inc., Capitol Records, Sony BMG Music Entertainment, Arista Records LLC, BMG Music, UMG Recordings, Inc., and Motwon Record Company, L.P., for default judgment on their claims against Defendant, Kevin Gullfoyle, for failure to appear or otherwise respond to Plaintiffs' Complaint of March 1, 2006. For the reasons set forth below, Plaintiffs' motion will be GRANTED.

**I. Background**

Plaintiffs, Warner Bros. Records, Inc., Capitol Records, Sony BMG Music Entertainment,

Arista Records LLC, BMG Music, UMG Recordings, Inc., and Motwon Record Company, L.P. are the "copyright owners or licensees of exclusive rights under United States copyright with respect to certain copyrighted sound recordings . . . ." Pl's Compl. at ¶13.  Upon Plaintiffs' information, Defendant "is an individual residing in this District."  Id. at ¶11.

On March 17, 2006, Plaintiffs commenced this suit against Defendant alleging that Defendant infringed on Plaintiffs' copyrights, including but not limited to the following sound recordings:

| **Copyright Owner** | **Artist** | **Recording Title** | **Album Title** | **SR#** |
|---|---|---|---|---|
| Warner Bros. Records Inc. | ZZ Top | Got Me Under Pressure | Eliminator | 45-132 |
| Capitol Records, Inc. | Everclear | Father of Mine | So Much for the Afterglow | 181-328 |
| Sony BMG Music Entertainment | Incubus | Stellar | Make Yourself | 278-818 |
| Arista Records LLC | Avril Lavigne | Complicated | Let Go | 312-786 |
| BMG Music | Tyrese | Sweet Lady | Tyrese | 237-788 |
| UMG Recordings, Inc. | Ludacris | What's Your Fantasy | Back For the First | 289-433 |
| Motown Record Company, L.P. | 98 Degrees | I Do (Cherish You) | 98 Degrees & Rising | 237-315 |
| UMG Recordings, Inc. | Shania Twain | From This Moment On | Come On Over | 243-502 |
| UMG Recordings, Inc. | Mary J. Blige | I Can Love You | Share My World | 238-818 |

Pls' Compl. at Ex. A.

Defendant was served with a copy of the Summons and Complaint on April 10, 2006.

Pls' Request Default J. at 1. Defendant failed to plead or otherwise appear. Id. Thereafter, on May 10, 2006, Plaintiffs requested that the Clerk of the Court enter default pursuant to Fed. R. Civ. P. 55(a), and default was entered on January 24, 2007. Id. at 2; see also Pls' Appl. Default J. at ¶ 1. On February 1, 2007, Plaintiffs filed a Motion for Default Judgment. Pls' Appl. Default J. at ¶ 12. The Motion was returnable on March 5, 2007. Id. As of today, Defendant has not responded to nor opposed this Motion.

## II. Standard for Default Judgment

Federal Rule of Civil Procedure 55 governs the entry of default judgment. To obtain a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), a litigant must first obtain an entry of default from the clerk of the court pursuant to Fed. R. Civ. P. 55(a). Once this procedural hurdle has been met, it is within the discretion of this court whether to grant a motion for a default judgment. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). Moreover, when a defendant is in default, the Court treats all pleadings and allegations of the plaintiff as true. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990). However, even after properly following the requirements of Rule 55, parties are not entitled to default judgment as of right and it is left to the "sound judicial discretion" of the Court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir.1984). Furthermore, the preference is to dispose of cases on the merits whenever practicable. Id. at 1181 (citations omitted).

## III. Discussion

Since April 2006, Defendant has failed to appear and defend Plaintiffs' claims against him. Pls' Request Default J. at 1. Moreover, on January 24, 2007, pursuant to an application by the Plaintiffs, an entry of default was made by the Clerk of the Court against the Defendant. Pls'

Appl. Default J. at ¶ 1.  Subsequently, on February 1, 2007, Plaintiffs filed a Motion for Default Judgment.  Id. at ¶ 12.

Plaintiffs bring this action against Defendant pursuant to the Copyright Act, 17 U.S.C. § 101 et seq.  Pls' Compl. at ¶ 1.  The facts plead in the Complaint concerning Defendant's actions regarding his infringement of Plaintiffs' copyrights and exclusive rights are sufficient to state a cause of action thereunder.  Id. ¶¶ 12-19.  Specifically, Plaintiffs have plead:

> that Defendant, without the permission or consent of Plaintiffs has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others.  In doing so, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution.  Defendant's actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright [law].

Id. at ¶ 15.

### a. Statutory Damages

Plaintiffs request money damages in the form of statutory damages in the amount of $6,750.00 for the nine infringements alleged in their Complaint pursuant to 17 U.S.C. § 504.  Pls' Appl. Default J. at 3.  Plaintiffs ask this Court to award the minimum statutory damages of $750.00 for each of Defendant's nine infringements.  Id.   Plaintiffs claim that courts "routinely award minimum statutory damages – or higher – as part of default judgments in copyright infringement cases."  Id. at  5 (citing Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 63-64 (1st Cir. 2002); D.C. Comics Inc. v. Mini Gift Shop, 912 F.2d 29, 35, 37 (2d Cir. 1990); Morley Music Co. v. Dick Stacey's Plaza Motel, Inc., 725 F.2d 1, 2-3 (1st Cir. 1983); Getaped.com, Inc. v. Cangemi, 188 F, Supp. 2d 398, 400-02 (S.D.N.Y. 2002); Microsoft Corp. v. Wen, 2001 WL

1456654, No. C 99-04561 MEJ, at *5-6 (N.D. Cal. Nov. 13, 2001); Perfect 10, Inc., v. Talisman Comm., Inc., 2000 WL 364813, No. CV99-10450 RAP MCx, at *3-4 (C.D. Cal. Mar. 27, 2000)).

Further, Plaintiffs claim that "[b]ecause Plaintiffs here seek only the minimum statutory damages and those damages easily are ascertainable from the Complaint, no evidentiary hearing is necessary." Id. (citing Ortiz-Gonzalez, 277 F.3d at 63-64; D.C. Comics Inc., 912 F.2d at 34, 37; Morley Music Co., 725 F.2d at 2; O'Brien v. R.J. O'Brien & Assoc., Inc., 998 F.2d 1394, 1405 (7th Cir. 1993); Fustock v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d 1989); HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 919 (1st Cir. 1988); Davis v. Fendler, 650 F.2d 1154, 1161-62 (9th Cir. 1981)). The Court agrees.

Here, the Court finds an award of $6,750.00, the minimum statutory award, to be appropriate and reasonable given Defendant's conduct.

      **b. Permanent Injunctive Relief**

In addition to statutory damages, Plaintiffs request permanent injunctive relief to enjoin Defendant from infringing on all of the "copyrighted sound recordings owned by Plaintiffs," including sound records created in the future. Pls' Appl. Default J. at 9. Pursuant to 17 U.S.C. § 502(a), courts may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).

Plaintiffs claim, and the Court agrees, that courts "routinely issue injunctions as part of default judgments." Pls' Appl. Default J. at 7 (citing Claremont Flock Corp. v. Alm, 281 F.3d 297 (1st Cir. 2002); Securities & Exch. Comm'n v. Coldicutt, 258 F.3d 939, 945 (9th Cir. 2001); Johnson v. Kakvand, 192 F.3d 656, 663 (7th Cir. 1999); Securities & Exch. Comm'n v. McNulty, 137 F.3d 732, 741 (2d Cir.), cert denied, 525 U.S. 931, 119 S. Ct. 340 (1998); CJC

Holdings, Inc. V. Vv. Wright & Lato, Inc., 979 F.2d 60, 64 (5th Cir. 1992); Sony Music Entm't. Inc. v. Elias, No. CV 03-6387 DT (RCx), 2004 WL 141959, at *3 (C.D. Cal. Jan. 20, 2004)).

Further, Plaintiffs claim that "Defendant's conduct is causing irreparable injury that cannot fully be compensated or measured in money, and that they will continue to suffer such injury unless the Court enjoins Defendant from continuing to infringe Plaintiffs' copyrights." Pls' Appl. Default J. at 7.  Plaintiffs also note that "there is no evidence that Defendant has stopped infringing Plaintiffs' recordings or that, absent an injunction, Defendant would stop." Id. at 9.  Moreover, according to Plaintiffs, "Defendant's failure to respond to the Complaint suggests that Defendant does not take seriously the illegality of the infringing activity," and therefore, "without an injunction, Plaintiffs' copyrighted recordings would remain vulnerable to continued, repeated infringement." Id.

Here, the Court finds that a permanent injunction is appropriate and reasonable given Defendant's continuing infringement on Plaintiffs' sound recordings, and Defendant's failure to respond to Plaintiffs' Complaint.

**c. Costs**

Finally, Plaintiffs seek $320.00 in costs of suit pursuant to 17 U.S.C. § 505. Id. at 12. Plaintiff has submitted a declaration setting forth the amount of costs incurred in prosecuting this action.  Confoy Decl. ¶ 6.  Pursuant to 17 U.S.C. § 505, in any civil action under the Copyright Act, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." 17 U.S.C. § 505.  This Court finds Plaintiffs' costs to be reasonable, and pursuant to 17 U.S.C. § 505, Plaintiffs are entitled to such reasonable costs.

**IV. Conclusion**

    For the foregoing reasons, Plaintiffs' motion for default judgment against Defendant is granted and Plaintiffs may recover the sum of $7,070.00, which includes $6,750.00 in statutory damages and $320.00 in costs. Furthermore, Plaintiffs are entitled to injunctive relief, and Defendant is enjoined form infringing on Plaintiffs' copyrighted and licensed sound recordings. An appropriate order will follow.

Dated: March 14, 2007                                              /s/ Freda L. Wolfson
                                                                                                The Honorable Freda L. Wolfson,
                                                                                                United States District Judge